FRANK STOUT AND ED. F. MADDEN v. F. H. DAVIS.

No. 163.

EVIDENCE—*terms of a written agreement made part of a parol agreement, both may be introduced.* Where the parties to an oral agreement respecting the leasing of a tract of land and the planting and harvesting of grain thereon, adopted and included in such oral agreement the provisions of an existing written contract between them as to the disposition of the crops on another tract of land, evidence showing the entire agreement thus made may be introduced, including such written contract.

Error from Rush District Court. Hon. V. H. Grinstead, Judge. Opinion filed October 21, 1897. *Affirmed.*

*J. W. McCormick,* for plaintiffs in error.

*S. I. Hale,* for defendant in error.

MILTON, J.   This action is a controversy over the possession of certain wheat.   Davis, the plaintiff below, claimed the entire crop.   He alleged that he was the owner of the land and as landlord was entitled to one-half the crop.   This contention was not contested. The other half he claimed belonged to him under the conditions of a parol lease, by the terms of which the tenant, Drummond, had agreed that his share should be applied upon a debt which he owed to Davis.   The evidence showed that Davis asserted ownership of all the wheat after it was cut and in the stack.   Defendants claimed special ownership of one-half the wheat under a chattel mortgage dated December 17, 1891, and recorded on December 26, 1891, made by Drummond and wife to secure a note of that date for the sum of $335.59, which note and mortgage became the property of Madden in the latter part of November, 1892, having been purchased for him by Stout, his agent.   Verdict and judgment were rendered in favor of Davis for $159.97, as the value of the wheat, and for $15 as damages for its detention.

The evidence was conflicting concerning knowledge on the part of Stout of the agreement between Drummond and Davis, before the note and mortgage were purchased.   The verdict shows that the jury must have found that he had such knowledge.   Plaintiffs in error contend that the trial court erred in admitting, as evidence on behalf of plaintiff below, a certain written contract, which was entered into on September

1, 1891, concerning a tract of land other than that mentioned in the petition. This contract provided for a distribution of crops, one-half to Davis for his share, and the remainder to be applied to the payment of a debt Drummond owed Davis. The oral agreement concerning the land last leased was simply that it should be held and farmed, and the produce thereof disposed of, on the basis of the existing written contract under which the other tract was being farmed.

We think the written contract was properly admitted. The parties to an oral agreement respecting the leasing of one tract of land and the planting and harvesting of grain thereon, can unquestionably adopt and include as a part of such oral agreement the provisions of an existing written contract between them as to the disposition of the crops on another tract of land; and no good reason appears why the written contract should not be admitted as a part of such subsequent oral agreement.

We have examined the instructions given and the one refused and do not discover any error in the action of the court. The other assignments of error do not require special mention.

The judgment of the trial court will be affirmed.